**TIMEX CORPORATION,**
**Plaintiff–Appellant,**

v.

**AAI.FOSTERGRANT, INC.,**
**Defendant–Appellee.**

**No. 00–9319.**

United States Court of Appeals,
Second Circuit.

May 8, 2001.

Marie V. Driscoll, Fross Zelnick Lehrman & Zissu, N.Y., NY, for appellant.

William R. Grimm, Hinckley, Allen & Snyder, Boston, MA, for appellee.

Present KEARSE and SACK, Circuit Judges, and RAKOFF, District Judge.[*]

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the District of Connecticut, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the order of said District Court be and it hereby is affirmed.

Plaintiff Timex Corporation ("Timex"), which markets wristwatches under the mark "TIMEX EXPEDITION," appeals from an order of the United States District Court for the District of Connecticut, Christopher F. Droney, *Judge*, denying its motion for a preliminary injunction prohibiting defendant AAi.FosterGrant, Inc. ("FosterGrant"), from using the mark "Expedition" in any form, including "FOSTERGRANT EXPEDITION," in connection with the marketing of sunglasses or other eyewear. The district court conclud-

[*] Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

ed principally that Timex had not shown a likelihood of success on the merits of its Lanham Act or other claims and that the balance of hardships tipped in favor of FosterGrant. On appeal, Timex contends that the district court erred in various aspects of its assessment of the merits and in its assessment of the likely harm to Timex. For the reasons that follow, we see no basis for reversal.

■ In order to obtain a preliminary injunction, a party must demonstrate "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Hasbro, Inc. v. Lanard Toys, Ltd.*, 858 F.2d 70, 73 (2d Cir. 1988) (internal quotation marks omitted); *see also Warner–Lambert Co. v. Northside Development Corp.*, 86 F.3d 3, 6 (2d Cir.1996) (same). A party is not to be granted a preliminary injunction under either branch of this test without a showing of irreparable injury. *See, e.g., Rondeau v. Mosinee Paper Corp.*, 422 U.S. 49, 56, 95 S.Ct. 2069, 45 L.Ed.2d 12 (1975) ("irreparable harm necessary to support an injunction"); *Bell & Howell: Mamiya Co. v. Masel Supply Co.*, 719 F.2d 42, 45 (2d Cir.1983) (" 'Perhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered.' " (quoting 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2948, at 431 (1973) (footnote omitted))). "We review a denial of a preliminary injunction for an abuse of discretion which, when found, usually consists of the application of an incorrect legal standard or the reliance on clearly erroneous findings of fact."

*Chemical Bank v. Haseotes*, 13 F.3d 569, 573 (2d Cir.1994) (per curiam); *see also Warner–Lambert Co. v. Northside Development Corp.*, 86 F.3d at 6; *Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 31 (2d Cir.1995). We see no abuse of discretion here.

■ "In a Lanham Act case a showing of likelihood of confusion establishes both a likelihood of success on the merits and irreparable harm, ... assuming that the plaintiff has a protectible mark." *Hasbro, Inc. v. Lanard Toys, Ltd.*, 858 F.2d at 73; *see also Standard & Poor's Corp. v. Commodity Exchange, Inc. .*, 683 F.2d 704, 708 (2d Cir.1982) ("In the preliminary injunction context, a showing of likelihood of confusion as to source or sponsorship establishes the requisite likelihood of success on the merits as well as risk of irreparable harm."). In assessing the likelihood of confusion in the present case, the district court properly looked to the factors set out in *Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492, 495 (2d Cir.), *cert. denied*, 368 U.S. 820, 82 S.Ct. 36, 7 L.Ed.2d 25 (1961), and it concluded that Timex had failed to establish a likelihood of success on the merits, noting, "on the record before it[,] that an appreciable segment of the purchasing public is not likely to be confused as to the source of the FOSTERGRANT EXPEDITION sunglasses." Ruling on the Plaintiff's Motion for a Preliminary Injunction, dated September 14, 2000 ("Ruling"), at 25–26; *see also id.* at 12 ("The famous authority brands TIMEX and FOSTERGRANT are sufficiently different such that confusion among prospective purchasers is improbable."). We see neither an error of law nor clear error in any of the court's factual findings leading to its conclusions.

Although Timex argues that the court should have found a likelihood of success on the merits because consumers, even if

not believing Timex to be the source, might believe that Timex "sponsor[ed] or approv[ed] of," or was "affiliat[ed], connect[ed], or associat[ed]" with FOSTER-GRANT EXPEDITION sunglasses, 15 U.S.C. § 1125(a)(1)(A), we disagree in light of the court's findings, *inter alia,* that Timex was not the originator of the " 'expedition look' " found in popular culture today, Ruling at 5, that the "expedition look" was already "in existence when Timex first developed its TIMEX EXPEDITION line of watches," *id.,* and that "[t]he term 'expedition' is widely used by third parties and ... is descriptive of certain product characteristics," Ruling at 12. Though Timex argues that "the probative value of evidence of third party use of a mark on unrelated goods is small" (Timex brief on appeal at 34 (emphasis omitted)), the assessment of the weight of the evidence was within the province of the district court, and even a disagreement by this Court with that assessment would provide no basis for a conclusion that the district court abused its discretion. *See generally Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 401, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) ("When an appellate court reviews a district court's factual findings, the abuse-of-discretion and clearly erroneous standards are indistinguishable."); *Anderson v. Bessemer City,* 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (factual findings may not be reversed under this standard simply because "the court of appeals ... [is] convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently").

Finally, on the record in this case, the district court's permissible conclusion that Timex had failed to show any likelihood of confusion amply justified the denial of Timex's motion for a preliminary injunction under the standards set forth above. Although the district court proceeded to analyze the relative hardships to the parties with respect to the requested injunctive relief, that analysis was unnecessary because Timex also failed to meet its burden of showing irreparable injury. The district court noted that "because the plaintiff ... has failed to demonstrate that there is a likelihood of confusion as to the source of the goods in question, it is not entitled to the presumption of irreparable harm that ordinarily flows therefrom in an infringement action." Ruling at 25 n. 11. *See generally Tough Traveler, Ltd. v. Outbound Products,* 60 F.3d 964, 967–68 (2d Cir.1995). In the absence of such a presumption, it was incumbent on Timex to present evidence that FosterGrant's marketing of FOSTERGRANT EXPEDITION sunglasses during the pendency of this action would cause it irreparable injury even in the absence of any likelihood of consumer confusion. Timex has not called to our attention any such evidence or any other colorable basis on which the district court could have found a likelihood of irreparable injury. (*See, e.g.,* Timex brief on appeal at 50 ("Appellant urges this Court to find that Timex had in fact proved a likelihood of success on the merits and that Timex *thus* necessarily suffered irreparable harm." (emphasis added)).) We note also that the absence of imminent irreparable injury is inferable from the leisurely pace at which Timex has conducted this litigation, including this appeal. The injunction was denied in mid-September 2000. Timex made no effort in this Court to have its appeal expedited, and the appeal was consequently heard in due course more than seven months later. Further, Timex's counsel informs us that during the pendency of this appeal, Timex has done nothing in the district court to move the case toward a final adjudication. This "seeming lack of urgency on the part of a plaintiff who has been denied interim relief

tends to confirm the view that irreparable harm was not imminent." *Federal Express Corp. v. Federal Espresso, Inc.,* 201 F.3d 168, 178 (2d Cir.2000). In all the circumstances, we cannot conclude that the denial of Timex's motion for a preliminary injunction was an abuse of discretion.

We have considered all of Timex's contentions on this appeal and have found in them no basis for reversal. The order of the district court is affirmed.